CANNELLA, Judge.
Appellant, Carol Blackburn Schiavi, through her appointed Curator ad hoc, appeals from a judgment of partition of com *145 munity property between herself and her former husband, appellee, Frank Schiavi. We amend in part and affirm as amended.
Appellant and appellee were married on June 16, 1971. A Petition For Separation was filed on August 22, 1985 and a Judgment of separation was granted on July 15, 1986, terminating the community property regime retroactive to the date of filing of the petition. On September 18, 1989 appel-lee filed a Petition to Partition Community Property. A Curator ad hoc was appointed to represent the absent appellant. Appellant never met personally with the curator, nor did she participate in trial. Appellee filed a descriptive list containing the community assets, liabilities and reimbursements due. After two days of testimony, judgment setting valuations on assets, debts and reimbursements due and allocating ownership thereof was rendered partitioning the community property. According to the judgment, the assets of the community totalled $637,684.00,[1] the debts to-talled $150,192.00 and the reimbursements due appellee totalled $473,638.00. The court then subtracted the debts from the assets, and divided that in half between the parties. After allocating certain assets and adding the reimbursements due appellee, the court held that appellant owed appellee $49,073.00.[2] It is from this judgment that appellant appeals.
Appellant argues that the trial court erred in its assessment of the assets and reimbursements due and assigns six errors, as follows:
I.The valuation of the Mutual Funds;
II.The valuation of the community interest in Anne Carroll’s store;
III.The omission of three checking accounts from the partition judgment;
IV.The valuation of a loan repayment to the Bone & Joint Clinic Pension Plan;
V.A loan repayment to the Bone & Joint Clinic; and
VI.The valuation of the Community Tax Debt Reimbursement due

I. The valuation of the Mutual Funds

The 4 mutual funds were listed in the judgment as community assets with no value. Appellant contends that appellee testified that there was a total of $35,-927.00 of community funds in these accounts at the time the community was terminated. Therefore, appellant argues it was error for the trial court to assign them no value. Appellee argues that the funds were assigned no value because the monies therein were used to pay part of the community tax debt of $186,674.00. This would not justify the valuation had the trial court not made a corresponding reduction in the tax debt reimbursement request. However, the record shows that the trial court reduced the tax debt reimbursement request of $186,674.00 to $150,674.00, thereby giving appellant credit for the $35,-927.00 of mutual funds. If appellant is given credit for the mutual funds as an asset, a corresponding sum would be added back to the reimbursements due and the net effect would be the same. Accordingly, this assignment of error has no merit.

II. The valuation of the Community Interest in Anne Carroll’s Inc.

The parties owned, as a community asset, a retail clothing business called Anne Carroll’s Inc.[3] On October 30, 1984 appellant sold a one-half interest in the business to William and Anne Heidingsfelder for the sum of $50,000.00. The community terminated, less than a year later, on August 22, *146 1985. The trial court valued the remaining community one-half interest in the business as a $50,000.00 community asset.
Appellant argues that the court erred in valuing the asset at $50,000.00. She supports that argument by pointing out that appellant did not receive the full $50,000.00 from the Heidingsfelders but only some cash and a note. Further, she argues that the asset had been liquidated at the time of trial.
The contention that appellant did not receive the full $50,000.00 from the buyers of a one-half interest in the business is not relevant to the valuation of the other one-half interest. The prior sale of the one-half interest was only used to show the value of the remaining community one-half interest. Since a one-half interest in the asset sold on the market for $50,000.00 less than one year before the termination of the community, the court was justified in using that figure to value the remaining one-half interest held by the community. There is no other evidence in the record as to the value of this asset. Therefore, we find no error in the trial court’s valuation of this asset at $50,000.00.
The fact that the asset might have been liquidated before the time of trial does not, in this case, mandate a different result. The asset was in the sole custody and control of the appellant from the date the community was terminated until the time of trial. Further, while there was some testimony that the asset may have been liquidated there was also testimony that the funds received from the liquidation were used by the appellant to acquire two other non-Louisiana businesses. Accordingly, appellant’s arguments on this issue lack merit.

III. The omission of three Checking Accounts from the Partition Judgment.

Three community checking accounts existed at the time the community terminated, with funds therein as follows:
Whitney National Bank.$ 6,521
First National Bank of Jefferson .$30,910
Merrill Lynch EMA.$14,225
TOTAL.$51,656
These checking accounts are absent from the partition judgment. Appellant contends the district court erred in omitting these funds from the partition judgment. We agree.
Appellee argues, as he did concerning the mutual funds, that these funds were used to pay the community tax debts, and thus were properly omitted. However, unlike the mutual funds, we find nothing in the record to show the trial judge made the corresponding set off in the tax debt reimbursement due to compensate for the omission of these assets.
There is nothing in the record to support the omission of these accounts from the list of assets. The accounts existed when the community terminated on August 22, 1985 and were included in the descriptive list filed by the appellee. They were omitted from the partition judgment. The record does not evidence any reason for their omission. Accordingly, we find merit in appellant’s argument that the funds were erroneously omitted and amend the judgment to add these assets.

IV. The valuation of a loan repayment to the Bone & Joint Clinic Pension Plan

The partition judgment ordered appellee to be reimbursed for $50,425.00 of his separate funds used to repay a loan to the Bone and Joint Clinic Pension Plan made during the community.
Appellant argues that the court improperly valued this debt at $50,425.00 when only $24,561.13 was actually repaid. The record does not support appellant’s argument in this regard. To the contrary, the record and exhibits clearly indicate payments by appellee to the lender in the amount of $50,425.00 as specified in the judgment.

*147
V. Loan Repayment to the Bone & Joint Clinic

The partition judgment ordered ap-pellee reimbursed for $25,997.00 of his separate funds used to repay a tax free loan to the Bone & Joint Clinic, made during the existence of the community.
Appellant argues that the court erred in including this as a community loan for which reimbursement was due. She bases her argument on the fact that the note was non-interest bearing, contained no payment schedule and was repaid by a reduction in appellee’s income.
While there may be some merit to appellant's observation that the transaction is unusual, the record supports the finding that the funds were withdrawn during the community, used by the community and repaid from appellee’s separate funds. Accordingly, the trial court was correct in ordering this reimbursement.

VI. The valuation of the Community Tax Debt due

The partition judgment ordered appellee reimbursed for $150,674.00 of his separate funds used to pay tax debts owed by the community. Appellant argues that this figure is in error and the record only supports a community tax debt of $112,574.15. Appellant relies on exhibit 27 in support of this argument.
Appellee correctly points out that additional tax liabilities are evidenced by exhibits 28 and 29. We find the record amply supports the trial court’s finding of a $150,-674.00 tax debt, paid by appellee from his separate funds.
For the foregoing reasons, the judgment of partition is amended to add the community checking accounts of $51,656 to the list of assets. Accordingly, the appellant’s former liability to appellee ($48,711.50),[4] is reduced by one-half of the value of those assets ($25,828), to $22,883.50. In all other respects the judgment of partition is affirmed.
The curator’s fee for the appeal is set at $750 and taxed as costs to be paid by appellee.
AMENDED IN PART, AFFIRMED AS AMENDED.

. In the judgment on appellant’s Motion for a Partial New Trial, the district court corrected a mistake in the original judgment, adding $723.00 to the list of assets.

. Because of the correction noted in footnote 1, appellant's liability was correspondingly reduced by $361.50 (½ the added asset) to $48,-711.50.

.The business originally purchased by the parties in 1981 was called 3-11 Shop, Inc. In 1984, during the existence of the community, appellant liquidated 3-11 Shop, Inc., and formed the new business known as Anne Carroll’s, Inc.

. See footnote 2.